IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                     CRIMINAL ACTION NO. 5:14-cr-00027

MICHAEL HARSHAW JR.,

        Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

On November 2, 2014, the United States Sentencing Guidelines were amended to reduce the guidelines in Section 2D1.1 by two levels for most drug offenses. (U.S.S.G. Amendment 782, Appx. C). Section 1B1.10 gives retroactive effect to these reductions and sets an effective date of November 1, 2015, for retroactively reduced sentences. On December 10, 2015, the Court entered an *Order* (Document 21) appointing the Federal Public Defender to represent the Defendant and directing the parties to respond with their positions respecting application of Amendment 782 to the Defendant's case.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and the addendum to the PSR from the Probation Officer. In addition, the Court has reviewed the responses from the United States (Document 22) and the Defendant (Document 27), submitted pursuant to the Court's *Order*. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

The Defendant pled guilty to using a communication facility to facilitate a felony drug offense, in violation of 21 U.S.C. § 843(b) (Count One) and to simple possession of a controlled substance in violation of 21 U.S.C. § 844(a) (Count Two), on February 27, 2014. The PSR attributed a total of approximately 370 kilograms of marijuana equivalency to the Defendant. That corresponded to a base offense level of twenty-six (26). The Court applied a two-level enhancement for possession of a firearm in connection with the drug offense and a two-level enhancement for obstruction of justice. The Defendant received a three-level decrease for acceptance of responsibility, for a total offense level of twenty-seven (27). The Defendant had thirteen criminal history points at the time of his conviction, and was a career offender,[1] resulting in a criminal history category of VI. His original guideline range for the grouped offenses was 130 to 162 months, reduced to the combined statutory maximum of 120 months. On July 9, 2014, the Court imposed a sentence of 96 months as to Count One and 24 months as to Count Two, for a total of 120 months.[2]

Under the amended United States Sentencing Guidelines, the Defendant's total offense level is twenty-five (25). The revised guideline imprisonment range is 110 to 137 months, again capped by the statutory maximum of 120 months. He is, therefore, eligible for a sentencing reduction.

During his term of incarceration, the Defendant has paid part of his special assessment through participation in the inmate financial responsibility program. On March 25, 2015, the Defendant was noted as failing the Bureau of Prison's 40-hour drug education program. He has not received any disciplinary sanctions while in BOP custody.

---

1 The career offender guidelines for the offenses of conviction resulted in a lower offense level than application of the offense specific guidelines, and so his offense level was not calculated pursuant to the career offender provision.
2 On the same date, the Defendant was also sentenced to 24 months for violating the terms and conditions of supervised release in Criminal Action No. 5:09-cr-37, to run consecutively.

The United States does not object to the recalculated guideline range, but argues that the Defendant's "extensive and serious criminal history" and failure of the drug education program weigh against a sentence reduction. It further points out that the current sentence of 120 months is within the amended guideline range. The Defendant urges the Court to reduce his sentence to 110 months, the bottom of the amended guideline range.

Having considered the Defendant's original and amended guideline ranges, the original sentencing materials, the addendum to the PSR, and the parties' responses, the Court **ORDERS** that the Defendant's base offense level be reduced by two levels, to twenty-four (24). After consideration of the two-level enhancement for possessing a firearm in connection with a felony drug offense, the two-level enhancement for obstruction of justice, as well as the three-level decrease for acceptance of responsibility, the Defendant's new total offense level is **twenty-five (25)**. Given his criminal history category of **IV**, his offense level establishes a revised guideline imprisonment range of **110 to 137 months, reduced to the combined statutory maximum of 120 months.** Having given careful consideration to the offense conduct, and the Defendant's extensive and serious criminal history, the Court **FINDS** that the original sentence of **120 months**, which would be the mid-range of the amended guideline range but for the statutory maximum, remains appropriate.[3]

Accordingly, the Court **ORDERS** that the Defendant's sentence **REMAIN AS ORIGINALLY IMPOSED.**

---

[3] The Court additionally notes that this Defendant received a significant break due to the United States' charging decision. Had he been charged with a distribution offense pursuant to 21 U.S.C. § 841, his statutory maximum would have been twenty years, his status as a career offender would have resulted in a guideline range of 151-188 months, and he would have been ineligible for a reduction.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: February 5, 2016

*[signature]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA