UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA,

v.                                            CRIMINAL ACTION NO. 5:14-cr-00027

MICHAEL HARSHAW, JR.

### MEMORANDUM OPINION AND ORDER

Pending is the Government's Motion to Authorize Payment from Inmate Trust Account pursuant to 18 U.S.C. §§ 3613(a) and 3664(n), filed October 1, 2020. [Doc. 43]. Defendant Michael Harshaw, Jr., acting pro se, responded in opposition on October 22, 2020 [Doc. 45], to which the Government replied on October 27, 2020. [Doc. 46].

### I.

On February 27, 2014, Mr. Harshaw pleaded guilty to using a communication facility to facilitate a felony drug offense in violation of 18 U.S.C. § 843(b) and simple possession of a controlled substance in violation of 21 U.S.C. § 844(a). [*See* Doc. 6]. On July 14, 2020, Mr. Harshaw was sentenced to a total of ten (10) years imprisonment and three (3) years of supervised release. [*See* Doc. 18]. Mr. Harshaw was also ordered to pay a $2,500 fine and a $200 special assessment. [*Id.*].

According to the Government, Mr. Harshaw to date has paid the special assessment and a total of $850.50 towards the fine.[1] [Doc. 43]. The current balance owed for the fine is $1,639.13, with interest not having been waived. [Doc. 46]. Mr. Harshaw is currently in federal custody and is currently assigned to the Federal Medical Center at Lexington in Lexington, Kentucky. [Doc. 43].

The Government recently learned that Mr. Harshaw has substantial funds[2] in his inmate trust account maintained by the Bureau of Prisons ("BOP") and seeks entry of an order authorizing the BOP to turnover a portion of these funds as payment towards Mr. Harshaw's outstanding criminal monetary penalties. The Government contends that the requested relief "is reasonable and appropriate in this instance where Mr. Harshaw has accumulated significant funds in his inmate trust account yet has only applied minimum payments towards his criminal obligation." [Doc. 46].

Mr. Harshaw responds that he accumulated the funds in his inmate trust account "for the purpose of having some readily available funds with which to start his life again upon his release from prison." [Doc. 45 at 2]. Mr. Harshaw contends that given that he continues to pay his scheduled payments at the BOP's own calculated rate, there is no need to alter the payment schedule. [*Id.*] As such, Mr. Harshaw requests that the Government's Motion be denied.

---

[1] Since the Government's Motion, Mr. Harshaw has made one $25.00 payment towards the fine, bringing his to date payment to $875.50.

[2] According to the Government, Mr. Harshaw maintains at least $3,491.61 in his BOP Commissary Account. [Doc. 46]. The Government contends that "[t]he hold on Mr. Harshaw's account only applied to the amount of funds owed; therefore, Mr. Harshaw has had access and use of at least $1,852.48 in his BOP Commissary Account." [*Id.*].

## II.

"The purpose of individual inmate commissary accounts is to allow the Bureau to maintain inmates' monies while they are incarcerated," including funds received from family, friends, or other outside sources. 28 C.F.R. §§ 506.1, 545.11. Under 18 U.S.C. § 3613, the Government may enforce criminal monetary penalties, including criminal fines, "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). The imposition of a criminal fine constitutes "a lien in favor of the United States on all property and rights to property" of the defendant. 18 U.S.C. § 3613(c). As such, "the government's lien would attach to the defendant's interest in funds held by the BOP in his inmate trust account." *United States v. Winebush*, No. 1:10-00185-01, 2020 WL 2507677, *2 (S.D.W. Va. May 15, 2020) (citing 18 U.S.C. §§ 3613(a), 3664(m)). While "[i]t is true that inmates have a property interest in their money," in order "[t]o satisfy fine payments . . . courts in this circuit have authorized access to cash located in a defendant's inmate trust account." *Id.* (collecting cases).

Inasmuch as the Government has a valid lien over Mr. Harshaw's funds and the property at issue does not fall within any applicable categories of the exempt property that a defendant may claim in a criminal case as set forth in 18 U.S.C. § 3613(a)(1), the Court concludes that authorizing the turnover of Mr. Harsharw's funds is appropriate in this instance.

## III.

Accordingly, the Court **GRANTS** the Government's Motion to Authorize Payment from Inmate Trust Account [**Doc. 43**] and **ORDERS** that the BOP is authorized to turnover to the

Clerk of Court, and the Clerk shall accept, $1,639.13, a portion of the funds currently held in the trust account for the following inmate: Michael Harshaw, Jr., Register No. 08654-088. The Court further **ORDERS** that the Clerk shall apply these funds as payment for the criminal monetary penalties owed by Mr. Harshaw in this case.

The Clerk is directed to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTERED: November 12, 2020



Frank W. Volk
United States District Judge