IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 5:14-cr-00027

MICHAEL HARSHAW, JR.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Michael Harshaw Jr.'s Letter-form Motion for Early Termination of Supervised Release, [Doc. 55], filed April 25, 2024.

**I.**

On July 9, 2014, following his guilty plea to using a communication facility to facilitate a felony drug offense in violation of 18 U.S.C. § 843(b), and simple possession of a controlled substance in violation of 21 U.S.C. § 844(a), Mr. Harshaw was sentenced to 120 months' imprisonment, followed by a 3-year term of supervised release. [Doc. 18]. Mr. Harshaw began serving his term of supervision on March 9, 2022. Mr. Harshaw now moves for early termination of his supervised release inasmuch as (1) he has not failed any urinalysis test, (2) he is disabled and receives disability benefits, and (3) he owes no fines or special assessment obligations.

The United States Probation Office for this District conducted an inquiry and notes that while Mr. Harshaw has remained generally complaint with the terms and conditions of supervised release, he has had two violations while under supervision that were previously reported to the Court. According to his supervising Probation Officer in the Southern District of

West Virginia, on April 7, 2023, Mr. Harshaw was convicted in the Circuit Court of Summers County, West Virginia, for the felony offense of failure to register or provide notice of sex offender registration changes, first offense. Additionally, on August 8, 2023, Mr. Harshaw admitted to ingesting marijuana. Although Mr. Harshaw obtained a medical marijuana card through the West Virginia Department of Health and Human Services, his supervising Probation Officer instructed Mr. Harshaw to immediately stop the use of marijuana as it is still a federally prohibited controlled substance. Mr. Harshaw complied with the officer's directives, and since that time, has submitted negative drug screens.

The Probation Office thus reports that Mr. Harshaw does not meet the criteria established by the Administrative Office of the United States Courts for early termination of supervised release.

## II.

Pursuant to 18 U.S.C. § 3583(e), a court may, after consideration of the applicable Section 3553(a) factors, "terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see also United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

After careful consideration of the applicable Section 3553(a) factors and the information provided by Mr. Harshaw's Probation Officer, the Court concludes that early termination of Mr. Harshaw's supervised release is not warranted. While Mr. Harshaw appears to have remained in compliance with the terms of his supervised release term without incident since August 2023 and has demonstrated a dedication to maintaining a law-abiding lifestyle, his prior violations do not establish full compliance with the conditions of supervision. Thus, the Court

**FINDS** that Mr. Harshaw's conduct and the interests of justice do not support early termination of his supervised release.

### III.

Accordingly, the Court **DENIES without prejudice** Mr. Harshaw's Letter-form Motion for Early Termination of Supervised Release [**Doc. 55**].

The Clerk is directed to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: April 25, 2024

Frank W. Volk
United States District Judge